IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STACY HUNT,

      Petitioner,                      No. CIV S-09-3454 EFB P

      vs.

F.B.O.P. - CA DEPARTMENT OF CORRECTIONS, et al.,

      Respondents.                  <u>ORDER</u>

      Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondents move to dismiss the action as untimely. The case is before the undersigned pursuant to parties' consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2). For the reasons explained below, the petition is untimely and the motion to dismiss must be granted.

**I.    Procedural History**

      In July 1996, petitioner pleaded no contest to three counts of assault with force likely to produce great bodily injury in Solano County Superior Court. Resps.' Mot. to Dism., Ex. A. He was sentenced to six years in prison on July 19, 1996 and did not appeal the conviction or sentence. *Id.*, Exs. A & B. Petitioner began state habeas proceedings challenging various aspects of his trial proceedings in March 2008. *Id.*, Exs. C, D, & E. These state habeas

1

proceedings concluded with the denial of a petition to the California Supreme Court on December 17, 2009. *Id.*, Ex. E.

Petitioner filed this federal petition on December 14, 2009. He alleges that his trial counsel was ineffective, that he was convicted and sentenced in violation of the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution, and that the trial court violated his plea agreement.

## II.     Statute of Limitations

A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review or the expiration of the time for seeking such review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

### A.     Statutory Tolling

There is no tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, under 28 U.S.C. § 2244(d)(2), once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that application is "pending." "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). The filing of a federal habeas application, however, does not toll the limitations period under § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

////

### B.    Equitable Tolling

The limitations period may also be tolled for equitable reasons where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The threshold necessary to trigger equitable tolling is very high, however; equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

A habeas petitioner bears the burden of showing facts entitling him to statutory and equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

## III.   Analysis

Here, the statute of limitations began to run when petitioner's time for seeking direct review of his conviction expired – that is, 60 days from his sentencing, or September 17, 1996. 28 U.S.C. § 2244(d)(1)(A); Cal. R. Ct. 8.104(a); *Lewis v. Mitchell*, 173 F. Supp.2d. 1057, 1060 (C.D. Cal. 2001). The one-year limitations period commenced running the following day. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, petitioner had until September 17, 1997 to file his federal habeas petition. However, he did not file the instant petition until December 14, 2009. Absent tolling, his application in this court is over twelve years late.

Petitioner opposes respondents' motion to dismiss by arguing that his case should not be deemed procedurally defaulted due to state timeliness rules because (1) state timeliness rules are not an "adequate" basis for procedural default and (2) petitioner has a strong case of actual innocence and it would therefore be a miscarriage of justice not to hear the merits of his federal petition. However, respondents do not argue that the case has been procedurally defaulted for failure to comply with *state* timeliness rules but rather that it is barred by the *federal* statute of limitations contained in 28 U.S.C. § 2244(d). The "adequacy" analysis applicable to determining issues of procedural default does not apply to determining whether a petition is

timely under § 2244(d). In addition, there is no actual innocence exception to § 2244(d)'s statute of limitations. *Lee v. Lampart*, 610 F.3d 1125, 1136 (9th Cir. 2010).

Petitioner also mentions in his opposition that he is a layman at law and had no reason to become aware that his double jeopardy right had been violated until it was brought to his attention in 2008. This statement may be read as an argument that petitioner did not discover the factual predicate of his claims until 2008 and so that is when the statute of limitations should be deemed to have started running under § 2244(d)(1)(D) or as an argument that the statute of limitations period should be equitably tolled until 2008 because petitioner did not understand that his rights had been violated until then. Neither argument is persuasive.

First, the "factual predicate" of a claim is discovered "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Petitioner was aware of the facts underlying his claims at the time his conviction became final. Accordingly, he is not entitled to a later limitations-period start-date under § 2244(d)(1)(D).

Second, petitioner's lack of legal knowledge is not an "extraordinary circumstance" warranting equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). Accordingly, petitioner's failure to realize that his double jeopardy right may have been violated before 2008 is not an extraordinary circumstance warranting tolling of the limitations period.

**IV.     Conclusion**

Because petitioner filed the instant petition over twelve years beyond the time provided for in 28 U.S.C. § 2244(d), it is hereby ORDERED that:

1. Respondents' August 30, 2010 motion to dismiss is granted;

2. The Clerk is directed to close the case; and

////

1      3. The court declines to issue a Certificate of Appealability.

2  Dated: February 10, 2011.

3

4                                            EDMUND F. BRENNAN
                                             UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26